Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| KEILA COLÓN RAMOS<br><br>Recurrida<br><br>v.<br><br>WALGREENS OF PUERTO RICO, INC. Y OTROS<br><br>Peticionario | TA2025CE00411 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso núm.: SJ2025CV07010 (808)<br><br>Sobre: Despido Injustificado y otros |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, la Jueza Romero García y el Juez Pérez Ocasio.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 25 de septiembre de 2025.

En un caso laboral iniciado y conducido bajo el trámite sumario, el Tribunal de Primera Instancia ("TPI") le anotó la rebeldía al patrono por considerar que no se había contestado la querella oportunamente. Según se explica a continuación, concluimos que erró el TPI, pues el patrono contestó la querella dentro del término establecido por ley.

I.

A principios de agosto de 2025, la Sa. Keila Colón Ramos (la "Empleada") presentó la acción de referencia, sobre despido injustificado, discrimen, represalias y otras (la "Demanda"), en contra de Walgreens of Puerto Rico Inc. (el "Patrono").

En lo pertinente, el 12 de agosto, se diligenció al Patrono el emplazamiento correspondiente, mediante "entrega personal" en la Calle Tabonuco en "Guaynabo, PR". Véase Anejo a Entrada núm. 7 de expediente del TPI (SUMAC).

El 26 de agosto, la Empleada presentó un escrito ante el TPI, mediante la cual solicitó, en lo pertinente, que se le anotara la

rebeldía al Patrono por no haber contestado la Demanda "dentro del término jurisdiccional aplicable y que establece la Ley Núm. 2".

Ese mismo día (26 de agosto), el TPI notificó una Orden (el "Dictamen"), mediante el cual le anotó la rebeldía al Patrono. El TPI razonó que el emplazamiento se había diligenciado "hace más de 10 días", sin que el Patrono hubiese contestado la Querella.

Al día siguiente (27 de agosto), el Patrono presentó una *Contestación a Querella*.

A la vez, el Patrono presentó una *Moción Urgente en torno a Orden del 26 de agosto de 2025 Anotando la Rebeldía en contra de la Querellada por ser Contraria a Derecho* (la "Moción del Patrono"). Planteó que, por haberse realizado el emplazamiento en un distrito judicial distinto a la región en la que se tramita la Demanda, la ley le concede 15 días para contestar la misma. Por tanto, señaló que había contestado la Demanda dentro del término correspondiente y no procedía que el TPI le hubiese anotado la rebeldía por supuestamente haber dejado de contestar la Demanda oportunamente. Solicitó que se dejase sin efecto el Dictamen y se aceptase su contestación a la Demanda.

El 28 de agosto, el TPI le ordenó a la Empleada consignar su postura en cuanto a la Moción del Patrono dentro de 10 días. La Empleada no cumplió con esta Orden.

Mientras tanto, el 5 de septiembre, el Patrono presentó el recurso que nos ocupa, mediante el cual solicita la revisión del Dictamen. Consignó que, como la Moción del Patrono "podría ser tomada como una moción de reconsideración que no tiene efecto alguno sobre el término" para recurrir a este Tribunal, estaba obligado a presentar el referido recurso.

El 8 de septiembre, le ordenamos a la Empleada mostrar causa por la cual no debíamos expedir el auto solicitado y revocar el Dictamen.

La Empleada compareció; planteó que el asunto objeto del Dictamen "aún no está madur[o] para ser resuelt[o]" por este Tribunal, en atención a la pendencia ante el TPI de la Moción del Patrono. Nada planteó sobre los méritos de lo actuado por el TPI a través del Dictamen. Resolvemos.

II.

La Demanda se presentó bajo el procedimiento sumario dispuesto por la Ley Núm. 2 del 17 de octubre de 1961, según enmendada, 32 LPRA Sec. 3118 ("Ley 2").

En casos tramitados bajo la Ley 2, la norma es que ni el TPI, ni este Tribunal, tienen autoridad para reconsiderar sus dictámenes; por tanto, tampoco una moción de reconsideración interrumpe el término para solicitar a este Tribunal la revisión de un dictamen del TPI. Véase *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 736 (2016) ("la figura de reconsideración interlocutoria es incompatible con el procedimiento provisto por la Ley Núm. 2").

Por otra parte, la Ley 2 establece que la parte querellada tendrá que contestar la acción en su contra "dentro de diez (10) días", si el emplazamiento ocurre "en el distrito judicial en que se promueve la acción", pero "dentro de quince (15) días en los demás casos". 32 LPRA sec. 3120.

Ante ello, resulta patente que el TPI erró al anotarle la rebeldía al Patrono en este caso. Ello pues, como el Patrono fue emplazado en Guaynabo (Región Judicial de Bayamón), y la Demanda no se ventila en dicha región, dicha parte tenía 15 días, desde su emplazamiento el 12 de agosto, para contestar la Querella (es decir, hasta el 27 de agosto). Precisamente, el Patrono contestó la Querella el 27 de agosto, por lo que actuó de forma prematura y errada el TPI al anotarle la rebeldía a dicha parte el 26 de agosto.

Contrario a lo que sugiere la Empleada, este Tribunal puede y debe intervenir en esta etapa para corregir el error del TPI. Adviértase que, ante la norma vigente (a los efectos de que, en este tipo de casos, no existen las mociones de reconsideración), no está claro si el TPI tendría la autoridad para dejar sin efecto el Dictamen y, así, corregir su error. Ante ello, y dado que este Tribunal tiene jurisdicción para revisar el Dictamen, lo más apropiado y prudente es resolver lo antes posible, de forma final, esta controversia de umbral para así asegurar que el caso continúe su cauce de forma apropiada y correcta ante el TPI.

III.

Por los fundamentos que anteceden, se expide el auto de *certiorari* solicitado, se revoca la Orden del 26 de agosto de 2025, quedando así sin efecto la anotación de rebeldía a la parte querellada, se ordena al Tribunal de Primera Instancia que acepte la contestación a la Querella presentada por dicha parte el 27 de agosto y se devuelve el caso a dicho foro para la continuación del mismo de forma compatible con lo aquí resuelto y dispuesto.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones